field was as safe as it appeared to be, the plaintiff John Colucci assumed the risk of being injured, and the complaint was properly dismissed (*see, Turcotte v Fell, supra,* at 439; *Russini v Incorporated Vil. of Mineola, supra*). Balletta, J. P., Joy, Krausman and Florio, JJ., concur.

■ HELEN DARRINGER, Appellant, v DONALD FURTSCH, Respondent, and CITY OF WHITE PLAINS, Appellant. [640 NYS2d 777] —In an action to recover damages for personal injuries, etc., the defendant City of White Plains appeals from a decision of the Supreme Court, Weschester County (Scarpino, J.), dated February 27, 1995.

Ordered that the appeal is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509). An appeal from the judgment entered upon this decision was decided by this Court on March 11, 1996 (*see, Darringer v Furtsch,* 225 AD2d 577). Mangano, P. J., Thompson, Friedmann, Florio and McGinity, JJ., concur.

■ E.Q.K. GREEN ACRES, L.P., Respondent, v UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant, and INTERNATIONAL MANAGEMENT CONSULTANTS, INC., Respondent. [640 NYS2d 765] —In an action, *inter alia,* for a judgment declaring the rights, duties, and liabilities of the parties, the defendant United States Fidelity & Guaranty Company purportedly appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered June 17, 1994.

Ordered that the appeal is dismissed, without costs or disbursements.

The notice of appeal purports to take an appeal from an order entered June 17, 1994. No such order exists in the record. To the extent that the notice of appeal can be construed as an attempt to appeal from an order entered August 23, 1994, we note that the appellant was not aggrieved by that order (*see,* CPLR 5511). Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.

■ E.Q.K. GREEN ACRES, L.P., Respondent, v UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant, and INTERNATIONAL MANAGEMENT CONSULTANTS, INC., Respondent. [640 NYS2d 766] —In an action, *inter alia,* for a judgment declaring the rights, duties, and liabilities of the parties, the defendant United States Fidelity & Guaranty Company purportedly appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered June 17, 1994.

Ordered that the appeal is dismissed, without costs or disbursements.

The notice of appeal purports to take an appeal from an order entered June 17, 1994. No such order exists in the record. To the extent that the notice of appeal can be construed as an attempt to appeal from an order entered August 19, 1994, we note that the appellant was not aggrieved by that order (*see,* CPLR 5511). Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.

■ NANCY A. FAZIO, Respondent, v TOWN OF MAMARONECK et al., Defendants, and VILLAGE OF MAMARONECK, Appellant. [640 NYS2d 216] —In an action to recover damages for personal injuries, the defendant Village of Mamaroneck appeals from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered February 21, 1995, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed insofar as it is asserted against the defendant Village of Mamaroneck.

In this action, the plaintiff allegedly sustained injuries when she tripped over a traffic control signal box which was embedded in a sidewalk located in Mamaroneck. The Village of Mamaroneck (hereinafter the Village) moved for summary judgment dismissing the complaint insofar as it is asserted against it on the ground that it had not received prior written notice of the deteriorated condition of the sidewalk surrounding the traffic signal box as required by Mamaroneck Village Code § 296-17. It is undisputed that the Village did not receive written notice of a defect in the sidewalk area in question. The Supreme Court denied the Village's motion concluding that the traffic signal box was a special use for the benefit of the Village and, therefore, the prior written notice provision did not apply. We disagree.

It has been held that prior written notice laws do not apply when the municipality's use of the property constitutes a special use for the benefit of the municipality (*see, e.g., Ocasio v City of Middletown,* 148 AD2d 431, 432). However, because the traffic signal box in this case was maintained by the Village in the discharge of its duty to create safe streets and did not confer a special benefit upon the Village, it cannot be considered a special use for the benefit of the Village (*see, Poirier v City of Schenectady,* 85 NY2d 310, 315).